IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13 CR 42-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| GREGORY SCOTT CASEY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a Violation Report (#104) filed in the above entitled cause on July 19, 2013 by the United States Probation Office alleging that Defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared the Defendant was present with his counsel, Attorney Rodney Hasty, and the Government was present through Assistant United States Attorney, Richard Edwards, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through his attorney, denied the allegations contained in the Violation Report. Testimony was then presented by the Government through Tamara Styles, United States Probation Officer.

The Defendant was charged in a bill of indictment with nine counts of conspiracy to distribute scheduled I controlled substances and eight charges of the sale of drug paraphernalia. Defendant was also charged in a final count with money laundering. A hearing was held on June 26, 2013 in regard to the detention of Defendant at the time of his initial appearance hearing which was before Judge Karen Eady-Williams, a North Carolina State District Judge presiding in Mecklenburg County, NC. On that date, Judge Eady-Williams entered an order releasing Defendant on a $25,000 unsecured bond. Judge Eady-Williams further set conditions of release which included the following:

(1) That the defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(8)(p) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On July 3, 2013, United States Probation Officer Tamara Styles made a home visit at the residence of Defendant to conduct a personal home assessment. Officer Styles required the Defendant to submit to an urinalysis screen test which field tested positive for use of cocaine. Upon inquiry, Defendant stated to Officer Styles that the last time he had used cocaine was on Sunday, June 23, 2013 which

was prior to his initial appearance hearing and release on June 26, 2013. Officer Styles sent the test sample to Alere Laboratories which confirmed on July 12, 2013 that Defendant did, in fact, test positive for cocaine. Officer Styles testified that usually the detection time for cocaine in the urine of a human being is 24-48 hours, but that extreme chronic use of cocaine may be detected for a period of between 48-72 hours. The positive test of Defendant on July 3, 2013 came at a point over 240 hours from the time of his last reported use and eight days after he had been released on terms and conditions of pretrial release. The Government did not introduce into evidence a copy of the testing report.

Defendant presented testimony that he had not consumed cocaine or any other type of controlled substance from and after Sunday, June 23, 2013. After the positive test was confirmed, Defendant immediately, and at his own cost, submitted himself for assessment to a drug treatment facility. Since that time, Defendant has actively participated in drug treatment and presented documentation showing that he had been subjected to three weekly test during the weeks of July 15th, 22nd and 29th for the use of a controlled substance and specifically cocaine, and he had tested negative on each and every test for the use of a controlled substance.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer

shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

>   (1)     finds that there is----
>           (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>           (B) clear and convincing evidence that the person has violated any other condition of release; and
>   (2)     finds that ---
>           (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>           (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
>   If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe Defendant committed a federal and state crime while on release. The evidence shows and indicates that Defendant did use and consume cocaine after he was released on terms and conditions of release by Judge Eady-Williams on June 26, 2013. The possession and consumption of cocaine is a misdemeanor under federal law, 21 U.S.C. § 844, and is a felony under state law. N.C.G.S. § 90-95(a)(3). Due to the fact there is probable cause to believe Defendant committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no

condition or combination of conditions would assure that Defendant would not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that Defendant violated the term and condition of his pretrial release which required that he refrain from use or unlawful possession of a narcotic drug or other controlled substance defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner. Defendant has clearly violated this condition by using and possessing cocaine which is a drug which is not prescribed by a license medical practitioner.

Despite making the above referenced findings, it appears to the undersigned from the evidence presented that the Defendant has rebutted the presumption of detention and is not a person who is unlikely to abide by any condition or combination of conditions of release and it further appears there are conditions or combination of conditions that will assure that Defendant will not pose a danger to the safety of any other person or the community if he is continued to be released. After testing positive for the use of cocaine, Defendant has made extensive efforts to obtain outpatient drug treatment and drug testing. Those efforts show there are conditions or combination of conditions of release that this Court could enter and that Defendant is likely to abide by those combinations or conditions of release.

As a result, the undersigned, despite finding that Defendant has violated terms and conditions of his pretrial release, will enter a new Order setting additional terms and more restrictive conditions of release for Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that new terms and conditions of pretrial release be entered that are more restrictive in nature and which will attempt to insure that Defendant will not violate terms and conditions of pretrial release pending the resolution of this matter.

Signed: August 9, 2013

Dennis L. Howell
United States Magistrate Judge